Donna L. PALMER, Nee Murdoch as Next Friend of Donald Joseph Murdoch, and Henry Blake Murdoch, Appellants,

v.

Rex J. CANTRELL, D.D.S., Appellee.

No. 01–87–00453–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1988.

David Gibson, Kenneth W. Urmy, Houston, for appellants.

Robert Swift, Fulbright & Jaworski, Houston, for appellee.

Before JACK SMITH, COHEN and HOYT, JJ.

## OPINION

JACK SMITH, Justice.

In a single point of error, Palmer appeals from an order granting Cantrell's motion to dismiss on the basis of failure to comply with discovery requests. Although the order did not state that the action was being dismissed with prejudice, because the applicable statute of limitations on Palmer's cause of action is expired, the dismissal without prejudice is tantamount to a dismissal with prejudice. *See* Kilgarlin, *Sanctions for Discovery Abuse Under New Rule 215*, 15 St. Mary's L.J. 767, 801 (1983).

On February 17, 1987, Cantrell filed a motion to dismiss that asserted two discovery violations. First, Palmer failed to comply with a court order dated September 12, 1986, requiring the disclosure of ex-perts and a reduction of experts' opinions to tangible form. Second, Palmer failed to answer Cantrell's request for production of documents, which was filed on August 15, 1985, over a year and a half before the motion to dismiss was filed.

As long as the sanctions that are imposed for failure to comply with discovery are within the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. *Southern Pac. Transp. Co. v. Evans*, 590 S.W.2d 515 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980). However, a trial court cannot impose sanctions under Tex.R.Civ.P. 215(2) without "notice and a hearing." Tex.R.Civ. P. 215(2)(b).

■ Palmer contends that she never received notice of the trial court's order compelling her to designate an expert and reduce experts' opinions to tangible form, and that there was no hearing on Cantrell's motion to compel. The transcript indicates that the motion to compel contained a notice of submission. This submission notice, which complied with the local rules of Harris County, stated that "On Friday, September 12, 1986, the attached Motion to Compel Disclosure of Experts and Reduce Opinions of Same to Tangible Form will be presented to the Court for ruling without the necessity of an oral hearing unless demand for one is made by you."

The Harris County district courts' local rules provide that motions "shall state a date of submission which shall be at least 10 days from filing...." Harris Cty. D.Ct. R. 3.3.2. Moreover, "[f]ailure to file a response may be considered a representation of no opposition." Harris Cty. D.Ct.R. 3.3.-3. A copy of both the motion to compel and the notice of submission were mailed to Palmer's two attorneys, according to the certificate of service. No request for hearing was made, and no response was filed.

The submission notice is in compliance with the Harris County local rules and is sufficient to meet the notice requirements of Tex.R.Civ.P. 215. *See Notgrass v. Equi-*

*lease Corp.,* 666 S.W.2d 635, 638 (Tex.Civ. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

■ Palmer also contends that she was denied notice and a hearing on Cantrell's motion to dismiss. She admits that one of her attorneys received a copy of the motion, but claims that because her other attorney did not receive a copy in violation of Tex.R.Civ.P. 72 [1], the notice was insufficient.

The transcript reflects that Palmer filed a designation of lead counsel, naming David A. Gibson as lead counsel, on May 27, 1986. The motion to dismiss was filed on February 17, 1987, and served on Gibson.

■ Where a single adverse party is represented by two attorneys who are not associated in a firm, we believe that it is sufficient to serve the attorney who is designated as lead counsel because he has "control in the management of the cause...." *See* Tex.R.Civ.P. 8.

■ The motion to dismiss was also set for submission pursuant to the local rules. No hearing was requested, and no response was filed. The submission notice stated that "[o]n _____, the ___ day of March 1987, the Motion to Dismiss of Defendant, Rex J. Cantrell, D.D.S., on file with this Court, will be presented to the court for a ruling without the necessity of an oral hearing, unless an oral hearing is demanded by another party to this lawsuit." However, this submission notice does not comply with the local rules because it fails to state a submission date.

The trial court granted the motion to dismiss on March 2, 1987. Thereafter, on March 25, 1987, Palmer moved to reinstate the case because "Plaintiffs were never notified of a submission date or hearing date on Defendant's Motion to Suppress."

Although submission of a motion satisfies the hearing requirements of rule 215, because the submission notice in the instant case did not contain a date for submission, Palmer was not given adequate notice and was deprived of an opportunity to be heard. Penalties for failure to obey discovery rules may be imposed only where all parties have been given notice of the motion and an opportunity to be heard. *Sears, Roebuck & Co. v. Hollingsworth,* 156 Tex. 176, 293 S.W.2d 639 (1956). The denial of that opportunity rendered the imposition of sanctions improper. *Smith v. Wilkins,* 577 S.W.2d 522 (Tex.Civ.App.— Texarkana 1979, no writ).

■ Cantrell argues that this contention is moot because the trial court reconsidered the motion to dismiss at a hearing on the motion to reinstate on April 3, 1987. However, a hearing must be held *before* sanctions may be imposed. *McInnes v. Yamaha Motor Corp.,* 659 S.W.2d 704 (Tex. App.—Corpus Christi 1983), *aff'd,* 673 S.W. 2d 185 (Tex.1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985). A review of the motion after the sanctions have already been imposed is not sufficient. Cantrell's counsel stated at oral argument that *Drozd Corp. v. Capitol Glass & Mirror Co.,* 741 S.W.2d 221 (Tex.App.— Austin 1987, no writ), held that a subsequent rehearing was sufficient; however, we find no such holding in that case, and its facts are clearly distinguishable.

We are aware that the docket sheet indicates that no activity occurred on this case between 1982 and 1985; that the case has been on the dismissal docket for the last three years; that the case had been previously dismissed for want of prosecution, but was reinstated; and that Palmer had wholly failed to comply with discovery requests and court orders until this case was dismissed for the second time. Moreover, while we understand the trial court's reasons for dismissing the cause of action, we conclude that the failure to include a submission date in the notice is fatal and deprived Palmer of notice and a hearing under rule 215. Without a submission date, Palmer had no notice of when a response was due to be filed or of the deadline when a hearing had to be requested.

For this reason, appellant's sole point of error is sustained.

---

**1.** Tex.R.Civ.P. 72 requires service on adverse parties and their attorneys of record.

The judgment is reversed, and the cause is remanded.