UNITED STATES FIRE INSURANCE
COMPANY, Relator,

v.

The Honorable Richard MILLARD,
Judge of the 189th District Court of
Harris County, Texas, Respondent.

No. 01–92–00911–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 8, 1992.

Maureen McPherson Spector, Vance Christopher, William Neumann, Houston, for appellant.

John S. Powell, Houston, for appellee.

Before OLIVER–PARROTT and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

Relator, United States Fire Insurance Company (the defendant), petitions this Court to mandamus respondent, the Honorable Richard Millard, to vacate his order of April 23, 1992, that ordered relator's pleadings struck and prevented relator from putting on a defense at the time of trial.

The present lawsuit arises from a motor vehicle accident that occurred November 7, 1986, between Carthie O. Williams and Evelyn Williams (the plaintiffs) and Rhoyal Pickersgill. The defendant was the plaintiffs' insurer, and carried their uninsured motorist coverage. After the plaintiffs obtained a judgment against Pickersgill for $479,561.09, the plaintiffs brought suit against the defendant to recover under the uninsured motorist clause.

**The court's death penalty sanction order**

The present discovery dispute began in 1992, although the case was marked by discovery disputes from the beginning. Sometime in March of 1992, the plaintiffs' counsel served formal notice on defense counsel that the depositions of representatives of the defendant would be taken on April 2. On March 19, the defendant filed a motion for protection and secured a submission date of Monday, March 30. The notice of submission stated that the motion would be considered by submission without the necessity of a hearing unless the plaintiffs requested one.

The plaintiffs responded to the defendant's motion for protection with a pleading entitled, "Plaintiffs' Response to Defendant's Motion for Protection/Requesting Additional Sanctions/And That Defendant's Pleadings Be Stricken." In the response, the plaintiffs called the court's attention to the two previous sanctions orders, which they attached as exhibits, and asserted that the motion for protection was a ploy to further resist discovery. The response stated that the defendant had a two-year history of resisting discovery, had not paid the attorney fees assessed by the court, and asked the court to overrule the defendant's motion for protection. As sanctions, the plaintiffs requested additional attorney's fees and asked the court to strike the defendant's pleadings. The plaintiffs' response-request was served on the defendant on March 26. It bears the district clerk's file mark of March 27. The plaintiffs did not file a notice of submission or hearing with their combined response-request.

The trial court considered both the motion for protection and the plaintiffs' response-request. The court denied the motion for protection, ordered the defendant to produce for deposition the persons and documents requested in the deposition notice, assessed the defendant a fine of $250 for attorney's fees, and struck the defendant's pleadings. The order stated that it was based on "Defendant's ongoing and continuing failure to make proper discovery and intentional disregard of this Court's discovery orders...."

The defendant learned that the court had struck its pleadings the first week in May. On May 19, the defendant filed a motion to vacate the sanctions on the ground that it had no notice of the hearing or the submis-

sion of the plaintiffs' motion for sanctions. Later, on August 5, the defendant filed another motion requesting the court to reconsider its order striking pleadings.

On August 10, the court conducted a hearing on the defendant's motion to vacate the "death penalty" sanction. At that hearing, the defendant's counsel raised lack of notice of the plaintiffs' request for "death penalty" sanctions and explained that the defendant had produced four witnesses whose depositions had been taken. Defendant's counsel also arranged for the deposition of two more witnesses, paid a $250 fine, and produced the claims against the defendant and other documents. At the end of the hearing, the trial court refused to rule on the motion to reconsider and ordered the defendant to produce everything the plaintiffs wanted in discovery. The court told the parties to go to the jury room to determine what the plaintiffs wanted. In that meeting, the plaintiffs' counsel prepared a handwritten list of documents that was broader than contained in any of their motions to produce. The court informed the defendant that it would rule on the motion to reconsider only if the defendant produced all discovery requested.

As of the date this application for mandamus was filed in this Court, September 9, the trial court had not ruled on the motion to reconsider. This case was set for trial for the week of September 8. We granted a stay of the trial date pending resolution of this application for mandamus.

## Standard of review

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). To decide if we should issue a mandamus in this case, we must answer the following three questions: (1) Did the trial court make an error? (2) If error, was it either a clear abuse of discretion or the violation of

a duty imposed by law? (3) If so, does the relator have an adequate remedy at law?

## 1. Error

■ Our first inquiry is whether the trial court erred in ruling on the request for sanctions. *Walker*, 827 S.W.2d at 839. The defendant contends the trial court erred when it ruled on the plaintiffs' request for sanctions because it had no notice of a hearing or of submission. We agree. The trial court could not rule on a request for sanctions without a notice of hearing or submission. *Palmer v. Cantrell*, 747 S.W.2d 39, 41 (Tex.App.—Houston [1st Dist.] 1988, no writ).

At oral argument, the plaintiffs argued that it was not necessary to file a notice of submission because their response was not a motion, that it was a response with a "request" for sanctions. The plaintiffs contend that their "request" for sanctions could be heard and decided at the time of the motion for protection. We disagree. We hold that any request for affirmative relief, whether it is entitled motion or request, is in fact a motion. *See Lindley v. Flores*, 672 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1984, no writ) (a motion is an application for an order of the court); *Elliott v. Elliott*, 797 S.W.2d 388, 391–92 (Tex.App.—Austin 1990, no writ). Under the local rules for Harris County, all motions must be submitted with a notice of submission or hearing. Harris County Local Rules 3.3.2.

■ The plaintiffs also argue that the hearing on the motion to reconsider satisfied the requirement for a hearing. We disagree. In *Palmer*, 747 S.W.2d at 41, we rejected the same argument made in a similar case. In *Palmer*, the trial court granted a defendant's motion to dismiss even though the motion was not properly set for submission. The plaintiff filed a motion to reinstate on the ground that she had not received notice of submission or a hearing. The defendant argued that the plaintiff had a hearing when the court reconsidered the

motion to dismiss at the motion to reinstate. We said a hearing *after* sanctions are imposed is no substitute for a hearing *before* sanctions are imposed. *Id.* Thus, we find it was error to rule on the request for sanctions.

### 2. Abuse of discretion or violation of duty

Having found that the trial court erred in ruling on a request for sanctions without notice of submission or hearing, our next inquiry is whether the trial court's ruling violated a duty imposed by law or amounted to an abuse of discretion. *Walker*, 827 S.W.2d at 839. The writ of mandamus will not lie to correct merely an erroneous or voidable order, but will lie to correct one which the trial court has no power to render. *Urbish v. 127th Judicial District Court*, 708 S.W.2d 429, 431 (Tex. 1986). If the trial court's order was one within its discretionary power, the relator must show that it is a clear abuse of discretion. *Id.*

We therefore examine the record to determine whether the trial court's error constituted a clear abuse of discretion or violated a clear duty imposed by law. *Walker*, 827 S.W.2d at 839. We hold the trial court did not have the discretion to rule on a request for sanctions without notice of submission or hearing. Thus, the issue here is not whether the trial court abused its discretion, but whether the court's ruling violated a duty imposed by law.

The local rules of Harris County require that motions state the submission date, which must be at least 10 days from filing. HARRIS COUNTY LOCAL RULE 3.3.2. The plaintiffs' request for sanctions was filed on March 27, three days before the submission date for the defendant's motion for protective order. Thus, in ruling on the request for sanctions, the trial court violated a duty imposed by the Harris County Local Rules by: (1) ruling on the plaintiffs' motion when the plaintiffs had not given the defendant notice of submission; and (2) the plaintiffs' request was filed less than 10 days from the date set for submission on the defendant's motion for protection.

### 3. Adequate remedy at law

Having found that the trial court erred in ruling on a request for sanctions and the error amounted to a violation of a clear duty, our last inquiry is whether the defendant has an adequate remedy by appeal. *Walker*, 827 S.W.2d at 840. We will not issue a writ of mandamus if there is a clear and adequate remedy by appeal. *Id.* Mandamus is intended as an extraordinary remedy, available only in limited circumstances. An appeal is not adequate when the trial court's ruling destroys a party's ability to present a viable claim or defense at trial. *Id.* at 843; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex.1991).

Here, as in *TransAmerican*, the trial court's ruling prevents the defendant from presenting evidence to develop its defenses and precludes a decision on the merits of its claim. We hold there is no adequate remedy by appeal. Thus, the defendant is entitled to relief by writ of mandamus.

We are confident that Judge Millard will vacate his order of April 23, 1992, striking the defendant's pleadings. Our writ of mandamus will issue only in the event he fails to comply.