**Anna SECKERS and Robert Seckers, Appellants,**

v.

**OCEAN CHEMICALS, INC. and Fire–Safe of Houston, Inc., Appellees.**

**No. 01–91–00920–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 25, 1992.

Ralph D. Huston, Galveston, for appellants.

Kerry Neves, Galveston, for appellees.

Before OLIVER–PARROT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROT, Chief Justice.

This is an appeal from a dismissal of a personal injury suit for chemical exposure. Appellants, Anna Seckers and Robert Seckers, raise 11 points of error. We reverse and remand.

Background

Appellants filed suit against appellees, Ocean Chemicals, Inc. and Fire–Safe of Houston, Inc., on March 24, 1986, alleging that while employed by Island City Woodworking,[1] Anna Seckers was exposed to the chemical product known as "Ocean 441–Clear."[2]

---

1. The cause of action accrued on May 15, 1984.

2. The chemical contents of "Ocean 441–Clear" were known and included a number of highly

On August 19, 1986, appellees served their first set of interrogatories and request for production on appellants. One month later, appellants filed a response to appellees' request for production, followed by an amended response on October 20, 1986. In both instruments, no expert witnesses were identified or designated; however, it was represented that this information would be supplied at a later date.

Appellees filed a motion to compel, on September 1, 1987, seeking medical authorization, which had been requested on two different occasions. The day before the motion to compel was to be heard, a signed authorization was hand-delivered to appellees. On four separate occasions starting June 24, 1988, through July 11, 1989, appellees attempted to take an oral deposition of Anna Seckers to ascertain the facts of the case.

On January 16, 1991, the district clerk of Galveston County gave written notice that this case had been placed on the court's drop docket, for want of prosecution. A motion to retain filed by appellants was granted on February 25, 1991. Included in the order was specific language ordering appellants to designate their liability experts in the case on or before June 1, 1991.

Appellees filed a motion to dismiss on June 4, 1991, based on the failure of appellants to designate any liability experts by the deadline. At the hearing on June 14, 1991, the court reviewed the file and heard appellees' argument before granting their motion to dismiss. Appellants did not attend the hearing, alleging the date on the notice form was difficult to read and misleading. That same day appellants' letter from their liability expert witness arrived.

Three weeks after the hearing, appellants filed a motion for a new trial, which was set for hearing on July 29, 1991. After hearing arguments from both sides, the trial court denied the motion. On August 7, 1991, appellants filed a motion for reconsideration, but the motion was never heard by the court.

In point of error nine, appellants contend that the trial court erred in dismissing the suit because, if this was a dismissal as a sanction for failure to designate, they were not given proper notice of the hearing. Clearly, a motion to dismiss for failure to designate an expert witness is a motion for sanctions. TEX.R.CIV.P. 215.

■ As long as sanctions that were imposed for failure to comply with discovery are within authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. *Southern Pac. Transp. Co. v. Evans*, 590 S.W.2d 515, 518 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980). However, a trial court cannot impose sanctions under TEX.R.CIV.P. 215 without "notice and hearing." TEX. R.CIV.P. 215(2)(b).

■ Appellants complain that the date written in the fiat setting on the motion to dismiss could be read June 17 just as easily as it could have read June 14, the actual date. We agree. There is no dispute in the record that appellants read the number as 17 and failed to appear at the hearing for that reason. We find that a misleading notice is equal to no notice. Failure to give notice is a denial of the plaintiff's due process right to be heard on the contested matters raised in the motion to dismiss. *Wilson v. Indus. Leasing Corp.*, 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ). An action taken by the trial court that results in a final dismissal of plaintiff's cause of action without proper notice involves more than a mere violation of the rules of practice and procedure; such action constitutes an abuse of discretion. *Pettit v. Laware*, 715 S.W.2d 688, 691 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ Appellees assert that any harm caused appellants by their failure to receive notice of the hearing on the motion to dismiss was absolved when the court "reheard" the matter at the motion for new trial. This Court has already rejected that

toxic components, including benzene and tolu-

ene.

concept in *Palmer v. Cantrell,* 747 S.W.2d 39, 41 (Tex.App.—Houston [1st Dist.] 1988, no writ). A review of the motion after sanctions have been imposed is not sufficient. *Id.* at 41.

Point of error nine is sustained. Because of the resolution of this point, it is unnecessary to address the other points.

The judgment is reversed and the cause is remanded to the trial court.