Opinion issued November 15, 2007 





     






In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00603-CV




IN RE CELIOUS BARNER III, Relator




Original Proceedings on Petition for Writ of Mandamus




MEMORANDUM OPINION

          By petition for writ of mandamus, relator, Celious Barner III, challenged the
trial court’s June 20, 2007 order compelling discovery and granting sanctions.



          We conditionally grant the petition for writ of mandamus.
Background
          The underlying case is for modification of the parent-child relationship and for 
enforcement of a child support order, brought by Juanita J. Barner, the real party in
interest. On June 20, 2007, the district court signed an “Order on Motion to Compel
Discovery and Sanctions.” This order required the relator to respond to certain
interrogatories and requests for production “by 5 p.m. on May 16, 2007.” In addition,
it required the relator to pay attorney’s fees of $700 by May 16, 2007. Finally, the
order stated,
Should CELIOUS BARNER, III fail to provide the above discovery as
ORDERED by this court on the date and at the time specified, the
pleadings of CELIOUS BARNER III will be stricken and judgment will
be granted in favor of JUANITA J. BARNER, together with all
attorney’s fees for which let execution issue.
 
          Relator petitioned for writ of mandamus, asserting that the trial court abused
its discretion because it is impossible for him to comply with an order that requires
performance in the past. The real party in interest argues that the motion to compel
was initially granted by an associate judge at a hearing on May 11, 2007, and entered
onto the court’s docket sheet. The real party in interest alleges that the signing of the
order after its entry on the docket sheet was a purely ministerial act and that the
operative date of the order was May 11, 2007.
Standard of Review
          Mandamus will issue only to correct a clear abuse of discretion or the violation
of a duty imposed by law only where there is no adequate remedy by appeal. Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). The writ of mandamus will not lie to
correct merely an erroneous or voidable order, but will lie to correct one which the
trial court has no power to render. U.S. Fire Ins. Co. v. Millard, 838 S.W.2d 935, 938
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); Urbish v. 127th Judicial
Dist. Court, 708 S.W.2d 429, 431 (Tex.1986). If the trial court’s order was one
within its discretionary power, the relator must show that it is a clear abuse of
discretion. Id. In general, as long as the court has jurisdiction of the parties and the
subject matter and does not act outside its capacity as a court, the order is not void.
See Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003). Errors other than lack of
jurisdiction, such as “a court’s action contrary to a statute or statutory equivalent,”
merely render the order voidable so that it may be corrected through the ordinary
appellate process or other proper proceedings. Id.
          For an order to be effective, it must be entered of record in writing or in open
court, transcribed by the court reporter. In re Bill Heard Chevrolet, 209 S.W.3d 311,
314–15 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Docket-sheet
entries form no part of the court’s record, nor are they a substitute for that record. Id. 
Discussion
          The relator asserts that the order in question is void for impossibility of
performance. Because the court has subject-matter jurisdiction and jurisdiction over
the parties, the order is not void. See Reiss, 118 S.W.3d at 443. Therefore, we will
grant mandamus in this case only if the court’s order was a clear abuse of discretion.
          The real party in interest asserts that it was not a clear abuse of discretion
because the order was effective on May 11,2007, when the associate judge orally
rendered his decision and an an notation was made on the docket sheet. The docket-sheet entry from May 11, 2007 is no substitute for the court’s record. See Bill Heard
Chevrolet, 209 S.W.3d at 314–15. The appendix before us does not show that the
order was made on May 11. We have no reporter’s record or written order that shows
an operative date of May 11. 
          Instead, the trial court ordered sanctions contingent upon relator’s failure to
produce certain forms of discovery “as ORDERED by this court on the date and at the
time specified,” when such date and time occurred in the past. We hold that the court
abused its discretion by ordering relator to provide discovery answers in the past,
which is an impossibility. See Walker, 827 S.W.2d at 839. 
 
 
 
 
 
 
Conclusion
          We conditionally grant the petition for writ of mandamus, and we direct the
trial court to vacate its June 20, 2007 “Order on Motion to Compel Discovery and
Sanctions.” We are confident that the trial court will promptly comply, and our writ
will issue only if it does not.
 
 
                                                   Elsa Alcala
                                                   Justice

Panel consists of Chief Justice Radack, and Justices Alcala and Bland.