# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00254-CV[1]

**Anthony Eckman, Appellant**

**v.**

**Northgate Terrace Apartments, LLC, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-16-001337, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony Eckman appeals the trial court's judgment granting possession of an apartment he occupies (the Premises) to appellee Northgate Terrace Apartments, LLC.  Eckman contends that the trial court did not have jurisdiction over this forcible-detainer action because the original plaintiff—denoted in the record as "Northgate Terrace Apartments"—was a "non-existent entity" at the time suit was filed and, therefore, lacked standing.  He additionally complains about the trial court's failure to submit a jury question on the issue of whether appellee properly provided

---

[1] The notice of appeal in this case was originally filed in this Court on September 2, 2016. On March 22, 2016, the Supreme Court of Texas ordered the case transferred to the Eighth Court of Appeals, pursuant to its docket-equalization authority.  *See* Tex. Gov't Code § 73.001; Misc. Docket No. 16-9040.  This Court transferred the case to our sister court on September 28, 2016.  On April 12, 2018, the Supreme Court of Texas ordered this case—along with 38 other cases that had also been previously transferred to the Eighth Court but had not reached final disposition—transferred back to this Court.  *See* Misc. Docket No. 18-9054.  The Eighth Court of Appeals transferred the case back to this Court on April 16, 2018.

him a lease-termination notice and about a sanction the trial court imposed against his attorney. We will vacate the trial court's July 12, 2016 sanction order and affirm its judgment granting possession of the Premises to appellee.

## DISCUSSION[2]

In his first two issues, Eckman contends that the trial court lacked subject-matter jurisdiction over this cause because the original plaintiff—"Northgate Terrace Apartments"—"did not exist and lacked standing, and therefore could not bring or sustain a cause of action." *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993) (holding that lack of standing deprives court of subject-matter jurisdiction). Specifically, he cites evidence attached to his "Motion to Dismiss Cause for Lack of Standing & Notice" as proof that Northgate Terrace Apartment's "corporate status and assumed name" had "long since elapsed at the time of filing of the underlying forcible detainer suit" and that it, therefore, "lacked capacity and standing" to bring suit. *See El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (noting that "standing is a party's justiciable interest in the suit," "capacity is a party's legal authority to go into court to prosecute or defend a suit," and "plaintiff must have both standing and capacity" to bring suit); *see also* Tex. Bus. & Com. Code § 71.201(a) (providing that "person may not maintain in a court of this state an action or proceeding arising out of a contract or act in which an assumed name was used until an original, new, or renewed certificate [of assumed name] has been filed as required by this chapter").

---

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

The lease at issue was entered into by Eckman and "Northgate Terrace Apartments," which was designated as the "owner" of the Premises. Jelita Mills signed the lease on behalf of Northgate Terrace Apartments. The evidence conclusively shows that Jelita Mills and her husband, Ronald Mills, owned the Premises at the time the lease was signed. The evidence that Eckman cites includes public records indicating that in 1996 Ronald Mills filed an assumed name certificate listing "Northgate Terrace Apartments" as his assumed name. *See id.* § 71.051 ("A person must file a certificate under this subchapter if the person regularly conducts business . . . under an assumed name other than as a corporation, limited partnership, limited liability partnership, limited liability company, or foreign filing entity."). Other evidence attached to Eckman's motion to dismiss shows that the Millses sold the Premises to third party "Northgate Terrace Apartments, LLC" in February 2016, while this cause was pending below.

Eckman contends that Ronald Mills's assumed name certificate lapsed after ten years when it was not renewed and, therefore, the entity "Northgate Terrace Apartments" had no standing to file this forcible-detainer action. *See id.* §§ 71.151(a), (b) (providing that certificate of assumed name "is effective for a term not to exceed 10 years from the date the certificate is filed" and "is void at the end of the certificate's stated term, unless within six months preceding the certificate's expiration date the registrant files . . . a renewal certificate . . . ."), .201(a) (providing that "person may not maintain in a court of this state an action or proceeding arising out of a contract or act in which an assumed name was used until an original, new, or renewed certificate has been filed as required by this chapter"). We disagree.

While the Assumed Business or Professional Name Act prohibits the maintaining of a lawsuit until an assumed-name certificate has been filed or renewed, *see id.* § 71.201, a plaintiff's

3

failure to have a valid certificate on file is not a jurisdictional issue but, rather, a capacity issue that is properly raised in a plea in abatement so that the cause may be suspended while the defect is corrected. *See Continental Contractors, Inc. v. Thorup*, 578 S.W.2d 864, 865–66 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ) (affirming trial court's denial of motion to dismiss based on plaintiff's failure to file assumed name certificate); *see also M & M Constr. Co. v. Great Am. Ins. Co.*, 747 S.W.2d 552, 554 (Tex. App.—Corpus Christi-Edinburg 1988, no writ) ("A challenge to a plaintiff's legal capacity to sue is properly raised by a verified plea in abatement and not by a motion to dismiss."). Furthermore, it is well settled that an assumed name is not a legal entity and that the holder of an assumed name is liable personally for the assumed name's debts, judgments, or other liabilities. *See* Tex. R. Civ. P. 28 (providing that "[a]ny individual . . . doing business under an assumed name may sue or be sued in its . . . assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted"). Therefore, the Millses' failure to maintain a valid assumed name certificate did not constitute lack of standing but was, at best, a defect of capacity, which could have been corrected by a plea in abatement.

However, Eckman did not file a plea in abatement until after the Millses had sold the Premises to Northgate Terrace Apartments, LLC. Upon that change in ownership, appellee was entitled to amend its pleading to substitute "Northgate Terrace Apartments, LLC" as plaintiff to reflect the Premises' new ownership, obviating the need to abate the proceedings. *See Reddy P'ship/5900 N. Freeway LP v. Harris Cty. Appr. Dist.*, 370 S.W.3d 373, 376 (Tex. 2012) (holding that amended pleading correcting misnomer of plaintiff did not deprive court of subject-matter jurisdiction); *In re*

4

*Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam) (noting distinction between misnomer—when plaintiff misnames itself or another party in petition, but correct parties are involved—and misidentification—when two separate legal entities exist and plaintiff mistakenly sues entity with name similar to that of correct entity); *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 702 (Tex. App.—Fort Worth 2001, no pet.) (when correct party sues or is sued under incorrect name, "the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error"). "Courts generally allow parties to correct a misnomer so long as it is not misleading." *Id.*

The record clearly demonstrates that the correct plaintiff—the owner of the Premises—has been involved since the filing of the original petition and that this case involves an assumed name and the individual who held the assumed name, followed by the substitution of the new owner of the Premises as plaintiff. Eckman cites no evidence that at the time the lawsuit was filed "Northgate Terrace Apartments" was a legal entity with its own existence separate and apart from being an assumed name of the Millses. That misnomer issue was resolved when the Mills sold the property to third party Northgate Terrace Apartments, LLC, and appellee amended its pleadings to reflect the new ownership. Because the Millses were the owners of the Premises at the time the lease was executed and at the time the suit was filed, they had standing to maintain the suit, despite the misnomer, which did not deprive the trial court of subject-matter jurisdiction. Furthermore, the record in this case does not support any claim that Eckman was misled as to who the plaintiff was or was placed at a disadvantage by the misnomer. Accordingly, we overrule Eckman's first two issues.

In his third issue, Eckman contends that the trial court erred in refusing to submit a jury question on the issue of whether appellee provided him with proper notice of lease termination.

5

He contends that appellee did not provide him with "specific notice that the lease was being terminated" within the 30-day "notice to vacate" that he admitted he did timely receive. He further argues that the lease required him to give appellee written acknowledgment of his receipt of the 30-day notice and that, because he did not provide such acknowledgment, the termination notice was ineffective. We reject these arguments because they are not supported by the record or the plain language of the lease.

Eckman's testimony at trial, as well as the exhibits admitted, conclusively established that on October 16, 2015, he received a document entitled "Advance Notice of Lease Termination at End of Lease Term or Renewal Period." The notice requested that Eckman vacate the Premises upon the termination of the lease's term on November 30, 2015. The notice further provided that, "[a]ccording to the advance notice provision of your lease, we are writing this letter to give you sufficient notice of our request for possession of your dwelling unit on December 1, 2015. Please consider this letter as lawful notice to vacate on that date." The lease provided for automatic renewal on a month-to-month basis at the end of the lease term "*unless* either party gives at least 30 days written notice of termination or intent to move-out as required by paragraph 37 [pertaining to move-out notice that tenant must provide]." (Emphasis added.) While paragraph 37 requires a tenant to obtain from appellee written acknowledgment of receipt of the tenant's 30-day notice of intent to move out—"You [tenant] must obtain from us [landlord] written acknowledgment that we received your move-out notice"—it does not impose the same burden on the landlord. The lease requires of the landlord only that it provide the tenant with a 30-day notice of lease termination; the evidence conclusively shows that appellee provided such notice and, moreover, that Eckman timely received

6

it.  Accordingly, the trial court properly refused to submit to the jury the question of whether appellee provided Eckman with proper notice of lease termination.  *See* Tex. R. Civ. P. 278 ("The court shall submit the questions, instructions and definitions . . . which are raised by the written pleadings and the evidence."); *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992) (holding that trial court does not err in refusing to submit jury question when there is no evidence to warrant its submission).  We overrule Eckman's third issue.

In his fourth issue, Eckman contends that the trial court abused its discretion in ordering that his attorney pay appellee $1,250 in sanctions because he had no notice of the sanction request or any reasonable opportunity to respond.  We agree.

At a hearing on some of Eckman's pre-trial motions, appellee made an oral request for "compensations" in the amount of $1,250.  In that regard, appellee's counsel stated:

> The first thing we would like to ask on this is evidently we are not getting our trial since that was suppose[d] to be yesterday.  The first thing we would like to ask is compensations for now the second jury trial setting.  Now we have to prepare for a third.  We think that's the first thing that should occur 1250.00 being reasonable.
>
> In that amount for again the day of trial getting it reset for basically no reason. And the reason what that comes to is unfortunately we are agreeing to his leave to amend because we have no choice at this point.  And we do have special exception Motion to Strike to his pleading that he filed that is how we would like to proceed on this matter if Your Honor would entertain it.

The hearing then proceeded to a discussion of other matters and, near its close, the trial court stated, "You guys are set for trial the week of August . . . .  And I will carry with me the motion for 1250 for the second deal."  Later that day, the trial court rendered the July 12, 2016 sanction order at issue, ordering that "Plaintiff recover from Brian Guequierre, counsel for Defendant, its reasonable and

7

necessary attorney's fees in the amount of [$1,250]." The trial court later denied Eckman's motion to reconsider the sanction order, in which Guequierre raised the issue of lack of reasonable notice.

In reviewing a sanction order, we review the entire record and will not set aside the order absent an abuse of discretion. *Statewide Remodeling, Inc. v. Odom*, No. 05-07-01527-CV, 2009 WL 1018253, at *3 (Tex. App.—Dallas Apr. 16, 2009, no pet.) (mem. op.). Although a trial court has the inherent power to sanction a party for abuse of the judicial process based on various rules or for abuses that may not be covered by any specific rule or statute, that power "is of course limited by the due process clause of the United States Constitution." *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (per curiam) (orig. proceeding). Such due process requires a party to receive notice and an opportunity to be heard before a sanction order is rendered, and the imposition of sanctions without reasonable notice and an opportunity to respond constitutes an abuse of discretion. *See Statewide Remodeling*, 2009 WL 1018253, at *3; *In re L.A.M. & Assocs.*, 975 S.W.2d 80, 83 (Tex. App.—San Antonio 1998, orig. proceeding) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)); *see also Dalziel v. Dalziel*, No. 03-98-00059, 1998 WL 765107, at *3 (Tex. App.—Austin Oct. 29, 1998, no pet.) (not designated for publication). Furthermore, a hearing on a motion to reconsider a sanction order is "no substitute for hearing *before* sanctions are imposed." *U.S. Fire Ins. Co. v. Millard*, 838 S.W.2d 935, 937–38 (Tex. App.—Houston [1st Dist.] 1992, no writ).

Initially, we note that it is not altogether clear from the record that by its oral motion for "compensation" appellee was moving for an award of sanctions, much less that the sanctions might be assessed against Eckman's *attorney*. Secondly, the record demonstrates that neither Eckman nor his attorney were provided any reasonable notice or opportunity to respond to the oral sanction

8

motion or to the trial court's ruling thereon shortly after the hearing. Because Eckman was not provided advance notice or a reasonable opportunity to respond to appellee's oral request for sanctions before the trial court rendered its order, we sustain Eckman's fourth issue and hold that the trial court abused its discretion in awarding appellee sanctions.

In his fifth and final issue, Eckman contends that the trial court erred in denying his special exception alleging that appellee violated section 92.201 of the Texas Property Code by failing to provide him with the name and address of the new owner of the premises ("Northgate Terrace Apartments, LLC") when ownership was transferred to that entity from the Millses. *See* Tex. Prop. Code §§ 92.201(a), (b) (stating that landlord "shall disclose" name and address of "holder of record title" to tenant in writing within seven days of tenant's request), .205 (providing tenant remedies for landlord's failure to disclose owner, including court judgment against landlord in amount of one month's rent plus $100 and attorney's fees). Without considering whether Eckman's complaint has substantive merit, we conclude that the trial court did not err in denying his special exception because it lacked jurisdiction to consider the issue.

The sole issue to be determined in forcible-detainer suits is the entitlement to actual and immediate possession. *See* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title. Counterclaims and the joinder of suits against third parties are not permitted in eviction cases. A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction."); *Haginas v. Malbis Mem'l Found.*, 354 S.W.2d 368, 371 (Tex. 1962); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434–35 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The justice and county courts lack subject-matter jurisdiction in a forcible-

9

detainer suit to adjudicate matters other than those few delineated in the Texas Rules of Civil Procedure, such as a suit for rent (if it falls within the justice court's jurisdiction) and for damages suffered as a direct result of withholding or defending possession. *Hong Kong Dev.*, 229 S.W.3d at 434–35; *see* Tex. R. Civ. P. 510.3(d) (permitting claim for rent), R. 510.11 (permitting damages to prevailing party for withholding or defending possession of premises during pendency of de novo appeal). Violation of chapter 92 of the property code is not among those matters listed, and Eckman has not cited any authority to support his assertion that the trial court erred in denying his special exception. Accordingly, we overrule his fifth issue.

## CONCLUSION

We affirm the trial court's judgment awarding possession of the Premises to appellee and vacate its July 12, 2016 order awarding appellee $1,250 to be paid by Eckman's attorney.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed in Part; Vacated in Part

Filed:   June 28, 2018

10