BRIGHTON SQUARE PUBLISHING, INC., Appellant,

v.

Roy L. NELSON, Jr., Appellee.

No. 01–89–00998–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 9, 1990.

J. Michael Tibbals, Dallas, for appellant.

Albert L. Giddens, Pasedena, for appellee.

Before EVANS, C.J., and DUNN and O'CONNOR, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal by writ of error. Brighton Square Publishing, Inc. appeals from a post-answer default judgment in favor of Roy L. Nelson, Jr. We reverse and remand.

Nelson instituted this suit against Brighton Square on April 11, 1988, seeking to recover damages for breach of contract. Brighton Square answered on June 10, 1988, and on October 25, 1988, Nelson served Brighton Square with a motion for sanctions due to Brighton Square's failure to answer interrogatories. Nelson also served Brighton Square with a notice stating that on Monday, November 7, 1988, the motion for sanctions would be submitted to the court "for ruling without the necessity of an oral hearing, unless demand for one is made by you." On December 12, 1988, the trial court, without an oral hearing, sanctioned Brighton Square by striking its pleadings.

On January 17, 1989, the trial court conducted a hearing to assess damages, and on February 16, 1989, the court signed a final judgment awarding Nelson $109,186 as actual damages, plus interest and attorney's fees. The court's judgment recites that Brighton Square, "although duly and legally cited to appear and answer, failed to appear and answer, and wholly made default." The judgment further recites that "every notice was duly given [Brighton Square] as required by law," and that Brighton Square "nevertheless wholly made default." Brighton Square did not file a motion for new trial or perfect an appeal from the trial court's judgment, but

on August 10, 1989, initiated this writ of error proceeding.

In its first point of error, Brighton Square contends the trial court erred in striking its pleadings and entering a default judgment because the record does not affirmatively show the court conducted a hearing on the motion for sanctions. Because the court's default judgment is based upon the validity of the order striking Brighton Square's pleadings, we must determine whether the face of the record shows an error on the part of the court in ruling on the motion for sanctions without first holding a hearing.

According to TEX.R.CIV.P. 215(2)(b)(5), the "court in which the action is pending may, after notice and hearing, make an order striking out pleadings or parts thereof ... or rendering a judgment by default against the disobedient party." This rule vests the court with broad authority to impose harsh and onerous sanctions for failure to comply with discovery rules. Before imposing such severe sanctions, however, the court must, under the rule, afford the recalcitrant party an opportunity to be heard. *See First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640, 648 (Tex.App. —Dallas 1987, no writ); *Plodzik v. Owens–Corning Fiberglass Corp.*, 549 S.W.2d 52, 54 (Tex.Civ.App.—Waco 1977, no writ). Although the requirements for notice and hearing may be waived, such a waiver will not be inferred simply because the party did not request an oral hearing.

█ Nelson contends the trial court's local rules provide that a party may waive a right to a hearing required by the Texas Rules of Civil Procedure by failure to seek a hearing before the court. We need not determine whether such local rules conflict with the state-wide rules issued by the Texas Supreme Court, because we have not properly been asked to take judicial notice of the local rules. It is the burden of the party relying on such local rules to provide the appellate court with competent proof of their content. *See Stoner v. Thompson*, 570 S.W.2d 511, 515 (Tex.Civ.App.—Waco 1978), *aff'd as reformed*, 578 S.W.2d 679 (Tex.1979). Here, Nelson did not provide

this Court with competent proof regarding the content of the local rules, and we decline to accept Nelson's general conclusions about their content and import. *See McRae v. Guinn Flying Serv.*, 778 S.W.2d 189, 191 (Tex.App.—Houston [1st Dist.] 1989, no writ).

We accordingly hold the face of the record does not affirmatively show Brighton Square was afforded an opportunity to be heard on Nelson's motions for sanctions, and therefore, the court's order striking Brighton Square's pleadings does not comply with TEX.R.CIV.P. 215(2)(b) and 215(2)(b)(5). We therefore sustain Brighton Square's first point of error.

In its second point of error, Brighton Square contends the trial court erred in conducting the trial and awarding judgment to Nelson because the record does not show that timely notice of the trial setting was sent to Brighton Square.

█ Both Nelson and Brighton Square attach documents to their briefs regarding the timeliness of notices purportedly sent to Brighton Square regarding the trial setting. We decline to consider any of these exhibits because they are dehors the record. *See First Dallas Petroleum, Inc.*, 727 S.W.2d at 642–44 (in a writ of error proceeding, the court may only consider the judgment and those filed papers appearing in the appellate transcript). Therefore, we limit our review to the documents in the record to determine whether the record affirmatively shows Brighton Square received timely notice of the trial setting.

█ We do not find any document in the transcript showing that notice of the trial setting was given to Brighton Square. Indeed, Nelson does not contend the transcript contains such evidence. Nelson argues only that such notice may be inferred from the trial court's recitals in the judgment. In support of this argument, Nelson cites one case, *Tresselt v. Tresselt*, 561 S.W.2d 626 (Tex.Civ.App.—Corpus Christi 1978, no writ).

We overrule Nelson's contention, as the facts in this case differ from those in *Tresselt*. In that case, Tresselt complained she

had not been given adequate notice of a new trial setting, as required under local rules and by TEX.R.CIV.P. 245. Based on evidence presented at the motion for new trial hearing, the court concluded there was "ample evidence to support the trial judge's implied finding that appellant had notice of the case being set on the docket" for the week of trial. *Tresselt,* 561 S.W.2d at 629. The court found the evidence showed that Tresselt had received actual notice of the original trial setting at an earlier meeting of the parties. *Id.* On the original trial date, Tresselt did not object to an agreement, made in her presence and on her behalf, to postpone the trial until a later date. Because of this, the court held she had waived her right to any further notification of the new trial setting.

This Court does not have before it a record reflecting participation in a meeting where the trial date was set. Neither does the record show that on the day of trial, Brighton Square requested postponement. No such knowledge or waiver of notification is reflected in the record. The usual presumptions in support of the judgment cannot be made in a writ of error proceeding attacking service. *See Wilson v. Industrial Leasing Corp.,* 689 S.W.2d 496, 497 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Flynt v. City of Kingsville,* 125 Tex. 510, 511, 82 S.W.2d 934 (1935). Thus, from this record, we cannot infer that Brighton Square received adequate notice. The second point of error is also sustained.

The judgment of the trial court is reversed. The cause is remanded for a new trial, and the order striking the pleadings of Brighton Square is vacated.