**UNITED BUSINESS MACHINE, INC., Appellant,**

v.

**SOUTHWESTERN BELL MEDIA, INC., Appellee.**

No. 01–90–00527–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 12, 1991.

Rehearing Denied Oct. 24, 1991.

J. Stephen Ryan, Houston, for appellant.

D. Brent Wells, Houston, for appellee.

Before MIRABAL, DUGGAN and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

The question presented in this appeal is whether a trial court *must* hold an oral hearing, if a defendant requests one, before the trial court can properly grant a plaintiff's motion for sanctions for defendant's failure to obey a court order to provide discovery, under TEX.R.CIV.P. 215(2)(b)(5). Our answer is no.

United Business Machine, Inc. ("UBM") appeals from a judgment entered against it as a sanction for its failure to obey a court order to provide discovery. We affirm.

UBM and Southwestern Bell Media (an agent of Southwestern Bell Yellow Pages) ("Southwestern") contracted for Yellow Pages telephone directory advertising in the June 1985 and June 1986 Houston-area editions. The contract soured into litigation, and Southwestern sued UBM in May 1987, alleging that UBM never paid for the advertisements.

During 32 months of litigation, Southwestern sought the trial court's intervention on five occasions in connection with its attempts to obtain discovery responses from UBM. On July 25, 1989, in response to Southwestern's motion for sanctions, the trial court signed an order directing UBM to do the following by August 4, 1989: (1) file a written response to, and produce the documents requested by, Southwestern's second set of requests for production,

which had been served on UBM in September 1988; and (2) pay Southwestern $350 in attorneys' fees.

Upon UBM's failure to comply with the trial court's order, Southwestern on September 15, 1989, filed a motion for judgment under rule 215. On November 6, 1989, the trial court signed an order directing UBM to produce the requested documents and file a written response to Southwestern's second set of requests for production by December 18, 1989.

After UBM failed to comply with that order, Southwestern filed its second motion for judgment under rule 215 on February 8, 1990. Southwestern set its motion for *oral* hearing on March 5, 1990. According to Southwestern, the day after its motion for judgment (and its notice of oral hearing) were filed, the clerk of the court announced that the trial judge's illness made *written*—not oral—submission necessary. Accordingly, Southwestern gave UBM notice on February 9 that the motion for judgment was set for *written* submission on February 19, 1990. Southwestern's "Notice of Written Submission" does not reference the prior oral hearing setting; it reads in its entirety:

> PLEASE TAKE NOTICE that Plaintiff SOUTHWESTERN BELL MEDIA, INC.'S Second Motion for Judgment Under Rule 215, Tex.R.Civ.P., filed February 8, 1990, will come on for written submission before the 164th Judicial District Court of Harris County, Texas, on Monday, February 19, 1990, at 9:00 a.m.

On February 14, 1990, UBM filed a request for an oral hearing on the motion for judgment.

On February 21, 1990, with no response to the motion for sanctions having been filed, the trial court granted the motion for sanctions and signed a judgment in favor of Southwestern for $90,124. *See* TEX. R.CIV.P. 215(2)(b)(5) (sanctions against party include "rendering a judgment by default against the disobedient party"). It was not until Friday, March 2, 1990, that UBM filed a "Response to Plaintiff's Motion for Judgment." UBM maintains that

its written response was intended for the oral hearing on March 5.

■ In two points of error, UBM asserts the trial court erred in granting the motion for judgment without an oral hearing, and the trial court abused its discretion in granting the sanction of default judgment without an oral hearing. UBM argues that it always contemplated that an *oral* hearing would occur on March 5, and that the "court erroneously proceeded to judgment in this cause without the oral hearing contemplated and set pursuant to local rules by the attorneys for both [parties]." UBM does not claim that it did not get notice of the submission date; rather, UBM claims that the confusion created by the *two* submission settings deprived it of due process.

UBM submits that this case requires this Court "to squarely decide the issue of whether a litigant who is sought to be sanctioned under Rule 215 is entitled to receive an oral hearing upon timely written request, where the adverse party has served it notices of both oral hearing and written submission."

■ A trial court may impose sanctions on any party that fails to comply with proper discovery requests, or fails to obey an order to provide or permit discovery. Tex.R.Civ.P. 215(2)(b). The discovery sanctions imposed by a trial court are within that court's discretion, and will be set aside only if the court clearly abused its discretion. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). The trial court's discretion in this area is broad. *Carr v. Harris County*, 745 S.W.2d 531, 532 (Tex.App.—Houston [1st Dist.] 1988, no writ). To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442–43 (Tex.1984).

Rule 215(2)(b) provides, "the court in which the action is pending may, after *notice and hearing,* make such orders in regard to the failure [to comply with proper discovery requests or to obey an order] as are just . . ." Tex.R.Civ.P. 215(2)(b) (em-

phasis added). In *Palmer v. Cantrell*, which involved the granting of a motion to dismiss based on discovery violations, this Court held that the "[written] submission of a motion satisfies the hearing requirements of rule 215." *Palmer v. Cantrell*, 747 S.W.2d 39, 41 (Tex.App.—Houston [1st Dist.] 1988, no writ). We made this holding even though rule 215(2)(b), at the time of *Palmer*, as today, provided that a trial court could not impose sanctions under that part of the rule without "notice and a hearing." *Id.* at 40.

However, in *Palmer*, no request for an oral hearing had been made, and no response had been filed to the motion for sanctions. The question before us today is a little different: was UBM entitled to an oral hearing since it timely requested one?

In *Gulf Coast Investment Corp. v. NASA 1 Business Center*, 754 S.W.2d 152, 153 (Tex.1988), the supreme court held that the trial court abused its discretion in refusing to hold an oral hearing on a *motion to reinstate* a dismissed case pursuant to Tex.R.Civ.P. 165a. Rule 165a requires that the judge "shall set a hearing on the motion as soon as practicable," and that the court "shall notify all parties or their attorneys of record of the *date, time and place of the hearing.*" (Emphasis added.) The supreme court specifically noted in its opinion:

Not every hearing called for under every rule of civil procedure, however, necessarily requires an oral hearing. Rule 7, Rules of Judicial Administration, provides, in part, as follows:

A district or statutory county court judge shall:

. . . .

(4) utilize to the extent consistent with safeguarding the rights of litigants to the just processing of their causes, methods to expedite the disposition of cases on the docket of the court, including . . .

(b) the use of telephone or mail in lieu of personal appearance by attorneys for *motion hearings* . . . . (Emphasis added.)

Unless required by the express language or the context of the particular rule,

therefore, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court.

■ Rule 7[1] of our administrative rules expressly approves the use of a mail appearance instead of a personal appearance for motion hearings. *Id.; see also Koslow's v. Mackie,* 796 S.W.2d 700, 703 (Tex. 1990). Additionally, the relevant local rules for the Harris County Civil District Courts provide as follows:

> Rule 3.3.3. Responses shall be in writing, and shall be filed at least two working days before the date of submission, except on leave of court. *Failure to file a response may be considered a representation of no opposition.*

(Emphasis added.)

> Rule 3.3.4. The motion or response shall include a request for oral argument if a party views it as necessary. The court *may* grant that request or order oral argument on its own Motion. *A request for an oral argument is not a response under Rule 3.3.3.*

(Emphasis added.)

Thus, under the quoted local rules, the granting of an oral hearing is a matter within the discretion of the trial court. Further, UBM's failure to file a response to the motion for sanctions before submission could properly have been considered by the trial court as a representation of no opposition to the motion. UBM's request for an oral hearing was not a "response" under the local rules.

We do not believe rule 215(2)(b) requires, by express language or its context, a personal appearance before the court or an oral presentation to the court in connection with a motion for sanctions under the rule.[2] Further, the applicable local rules do not require an oral hearing. Accordingly, we hold the trial court did not abuse its discretion or err in granting Southwestern's motion for judgment without an oral hearing.

■ Further, we conclude the "defect in notice" complained of by UBM does not amount to a denial of due process. The record indicates that UBM was notified that Southwestern's motion for judgment would be submitted at an oral hearing on March 5, 1990; later, UBM learned it would be submitted in writing on February 19, 1990. UBM does not contend that it was totally unaware of the date of the submission; rather, it claims to have been "confused" by the two settings. The fact that, after receiving notice that the motion was set for written submission, UBM filed a request for oral hearing, indicates UBM was fully aware of the written submission setting. It was incumbent on UBM to check with the court to find out whether its request was, or would likely be, granted. Being presented with two specified (yet conflicting) dates does not equal the level of lack of notice presented in *Palmer*, where the notice of submission left the submission date blank. 747 S.W.2d at 41.

UBM does not complain that the trial court erred in failing to grant a new trial based on UBM's confusion about the submission date. Further, UBM does not complain that the sanction imposed was too harsh under the circumstances. UBM has limited its points of error on appeal to the question of whether the trial court erred, or abused its discretion, in granting the motion for sanctions without an oral hearing.

---

1. Tex.R.Judicial Admin. 7 subd. a(6)(b).

2. We note the contrary implication of *Brighton Square Publishing, Inc. v. Nelson,* 795 S.W.2d 29 (Tex.App.—Houston [1st Dist.] 1990, no writ), which was not cited by either UBM or Southwestern. In *Brighton Square,* a writ of error appeal, we made no mention of the fact we had previously held, in *Palmer,* that "[written] submission of a motion satisfies the hearing requirements of rule 215," nor did we reference the *NASA 1 Business Center* supreme court case. Apparently, the issue of the trial court's authority to consider motions by *written submission* rather than by *oral hearing* was not raised by the parties and, therefore, was not addressed by this Court in reaching its decision in *Brighton Square.* Further, in *Brighton Square,* there is no mention of the applicable local rules, while the local rules were applied both in *Palmer* and in the present case. To the extent *Brighton Square* can be interpreted as holding contrary to *Palmer* and the present case, we disapprove it.

**124**

For the reasons stated, we overrule points of error one and two.

We affirm the judgment.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. Submission on written motions is no substitute for an oral hearing when the trial court is considering death penalty sanctions. When a party requests a hearing on a motion for sanctions, the rules require that the trial court conduct a hearing. The procedure for imposing sanctions are limited by the rules and by constitutional due process. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 916 (1991); *see also Braden v. Downey*, 811 S.W.2d 922, 922 (1991).

Before striking pleadings or rendering a default judgment, the court must give the party an opportunity to be heard. *Sears, Roebuck & Co. v. Hollingsworth*, 156 Tex. 176, 293 S.W.2d 639, 642 (1956); *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640, 648 (Tex.App.—Dallas 1987, no writ); *Plodzik v. Owens–Corning Fiberglas Corp.*, 549 S.W.2d 52, 54 (Tex. App.—Waco 1977, no writ); *see also Brighton Square Pub., Inc. v. Nelson*, 795 S.W.2d 29, 31 (Tex.App.—Houston [1st Dist.] 1990, no writ). In *Brighton,* we said that the hearing may be waived, but an appellate court will not assume it was waived simply because the defendant did not ask for a hearing. *Id.* In *Brighton,* we reversed because of the lack of a hearing on sanctions.

The majority holds that the local rules of the Harris County district courts permit a motion to be submitted in writing if the party does not file both a written response *and* a request for a hearing. The local rules are effective only to the extent that they do not conflict or limit the rules of procedure. Rule 3a of the Texas Rules of Civil Procedure states:

> Each [court] may make and amend the rules governing practice before such courts, provided:

> (1) that any proposed rule or amendment shall not be inconsistent with these rules....

TEX.R.JUDIC.ADMIN. 10 states:

> The local rules adopted by the courts of each county shall conform to all provisions of state and administrative region rules.

A local rule that permits a motion for sanctions to be considered without a hearing, particularly when the party asks for a hearing, violates the clear language of TEX. R.CIV.P. 215(2)(b)(5).