NO. 12-02-00191-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WALLACE STARRETT,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


RAYMOND L. JOHNSON, ET AL,

APPELLEES
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Wallace Starrett, an inmate at Tennessee Colony, filed suit against various employees of the
Texas Department of Criminal Justice - Institutional Division for negligence in injuring his person. 
The trial court filed an order of dismissal for failure to prosecute, which Starrett now appeals. We
reverse and remand for further proceedings. 

 With the help of a "writ writer," Starrett filed suit against several employees of TDCJ-ID. 
The defendants filed a motion to deny Starrett the right to use the writ writer, which the trial court
granted. Starrett attempted to convince the court to vacate that order, but to no avail. On its own
motion, and without giving prior notice or hearing, the trial court dismissed Starrett's case, stating
the following:


 It appearing to the Court that the cause has been on file for more than six months with no activity other
than motions filed by a fellow inmate whom this Court has denied permission to represent the Plaintiff,
it is ordered that this cause is dismissed for want of prosecution.




 We review the court's dismissal for want of prosecution under an abuse of discretion
standard. State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984). A trial court may dismiss a case for
want of prosecution (1) when a party fails to appear at a hearing or trial, (2) when the case has not
been disposed of within the supreme court's time standards, and (3) under the trial court's inherent
power to dismiss, when the case has not been prosecuted with due diligence. Tex. R. Civ. P. 165a;
Rotello, 671 S.W.2d at 508-09. 

 A litigant cannot be denied access to the courts simply because he is incarcerated. Nichols
v. Martin, 776 S.W.2d 621, 623 (Tex. App.-Tyler 1989, no writ). The right of access to courts,
however, does not unconditionally give an inmate the right to personally appear, especially if the
merits can be determined without his presence. Byrd v. Attorney Gen. of Tex., 877 S.W.2d 566, 569
(Tex. App.-Beaumont 1994, no writ). A trial court is not required to provide an oral hearing
regarding a motion to dismiss for want of prosecution. Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.,
754 S.W.2d 152, 153 (Tex. 1988)(per curiam); United Bus. Mach., Inc. v. Southwestern Bell
Media, Inc., 817 S.W.2d 120, 123 (Tex. App.-Houston [1st Dist.] 1991, no writ). Not every
"hearing" called for under every rule of civil procedure necessarily requires an oral hearing. Id. 
Unless expressly required by the rule, the term "hearing" does not require an appearance or an oral
presentation to the court. Id. However, a party must be provided with notice and an opportunity to
be heard before a court may dismiss a case for want of prosecution under either Rule 165a or the
court's inherent authority. See Tex. R. Civ. P. 165a(1); Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630 (Tex. 1999).

 Here the record shows that Starrett did not receive the required notice until after the order
of dismissal was signed and filed. We hold, therefore, that the trial court abused its discretion when
it dismissed Starrett's case without first notifying the inmate that his case would be dismissed unless
Starrett showed good cause for the case to be maintained on the docket. Accordingly, we reverse
the order of dismissal and remand to the trial for further proceedings.

 SAM GRIFFITH 

 Justice

Opinion delivered January 8, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.

(PUBLISH)