Opinion issued February 10, 2005.










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00863-CV




SCOTT ALLEN HANSEN, Appellant

V.

JANET HANSEN GILBERT, Appellee




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 1996-09477




MEMORANDUM OPINION
           Appellant, Scott Allen Hansen, challenges the trial court’s order dismissing his
Petition to Modify the Parent-Child Relationship with prejudice for discovery abuse. 
In his sole issue, appellant asserts that the trial court erred in imposing “death
penalty” sanctions against him and striking his pleadings with prejudice. We affirm.
Background
          Scott and Janet Hansen (now Janet Hansen Gilbert, appellee) were divorced in
February 1997. Both Scott and Janet were appointed joint managing conservators of
their minor children, with Janet having the exclusive right to establish the primary
physical residence for the children. On November 5, 2002, Scott filed a Petition to
Modify the Parent-Child Relationship requesting appointment as the joint managing
conservator to determine the primary residence of the children and the exclusive right
to receive child support. In response, Janet filed a Counter-Petition to Modify the
Parent-Child Relationship seeking an increase in child support and specified
modifications to Scott’s weekday periods of possession with the children. Janet also
served Scott with discovery consisting of a Request for Disclosure, Written
Interrogatories, and a Request for Production of Documents which responses were
due January 3, 2003. Scott did not timely comply with this deadline. 
          On or about January 17, 2003, Scott filed a Motion for Preparation of Social
Study. In his motion, Scott explained that, because conservatorship was a disputed
issue in the case, a study to determine the circumstances and condition of the children
and the homes of all parties requesting managing conservatorship would be in the
children’s best interest. The trial court, however, conditionally denied Scott’s 
Motion for Preparation of Social Study until he completed his responses to Janet’s
Request for Production of Documents. 
          When Scott failed to respond to her discovery requests, Janet filed her first
Opposed Motion to Compel Discovery and/or for Sanctions, and the hearing was set
for January 30, 2003. At the hearing, Scott delivered copies of his responses to
Janet’s Written Interrogatories and Request for Disclosure. However, he did not
respond to Janet’s Request for Production of Documents. The trial court entered an
agreed order stating that “production responses shall be delivered to counsel for
[Janet] on or before February 5, 2003” and assessed a $500 sanction against Scott. 
On February 20, 2003, Janet’s counsel received Scott’s responses to the Request for
Production of Documents and the $500 payment.
          On April 22, 2003, Janet filed her Second Opposed Motion to Compel
Discovery and for Sanctions and Motion for Enforcement on Order Granting Motion
to Compel alleging that Scott’s responses were incomplete and/or inadequate. She
further explained that Scott was guilty of spoliation of evidence and requested the
most severe discovery sanctions available under Texas Rules of Civil Procedure
215.2(b).


 The hearing on Janet’s Second Opposed Motion to Compel was set for
May 12, 2003, the original trial date. Following a hearing on the Motion to Compel,
the trial court granted Janet’s request to dismiss Scott’s Petition to Modify the Parent-Child Relationship with prejudice. The trial court found that Scott had not complied
with the original requests for discovery; nor had he complied with the prior order to
compel. On June 11, 2003, Scott filed a Motion for New Trial, which was denied.
Discovery Sanctions
          In his sole issue, Scott asserts that the trial court erred in imposing “death
penalty” sanctions against him and striking his pleadings with prejudice. We
disagree. 
Standard of Review
          Discovery sanctions imposed by a trial court are within that court’s discretion
and will be set aside only if the court clearly abused its discretion. United Bus.
Mach., Inc. v. Southwestern Bell Media, Inc., 817 S.W.2d 120,122 (Tex.
App.—Houston [1st Dist.] 1991, no writ). To establish a clear abuse of discretion,
it must be shown that the trial court’s action was arbitrary or unreasonable in light of
all the circumstances of the case. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 242 (Tex. 1985). In exercising discretion, the trial court is not limited
to considering only the specific violation for which sanctions are finally imposed, but
may consider everything that has occurred during the history of the litigation. Id. at
241.
Analysis
          A trial court may impose sanctions on any party that fails to comply with
proper discovery requests or fails to obey an order to provide or permit discovery. 
United Bus. Mach., Inc., 817 S.W.2d at 122. Discovery abuse sanctions, however,
must be “just.” TransAm. Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.
1991). Whether the sanction is “just” is measured by two standards: first, a direct
relationship must exist between the offensive conduct and the sanction; and second,
the sanction must not be excessive. Id. 
          “Death penalty” sanctions are reviewed under the same standard. See
TransAm. Natural Gas Corp., 811 S.W.2d at 917. Before a court may deprive a party
of its right to present the merits of its case because of discovery abuse, it must
determine that “a party’s hindrance of the discovery process justifies a presumption
that its claims or defenses lack merit.” Id. Further, if a party refuses to produce
material evidence, despite the imposition of lesser sanctions, the court may presume
the claim lacks merit and dismiss it. Id. A dismissal with prejudice may be justified
if the discovery abuse has persisted over a long period and many efforts have been
made to obtain compliance. Ray v. Beene, 721 S.W.2d 876, 879 (Tex.
App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.).
          In this case, as of May 12, 2003, the original trial date, the court’s records
reflected that:
          1.       Janet had filed two motions to compel discovery against Scott;
          2.       Sanctions were awarded against Scott for his failure to comply with
discovery requests;
          3.       The trial court granted Janet’s protective order to protect her from
Scott’s production requests until he complied with the trial court’s order
regarding discovery;
          4.       The trial court abated Scott’s request to inspect Janet’s home until he
complied with Janet’s production request;
          5.       Scott had not fully complied with discovery requests; and
          6.       Scott had made admissions regarding the spoliation of evidence.

          Scott conceded that he did not timely comply with the January agreed order to
compel. He contends, however, that he ultimately complied by responding to Janet’s
Request for Production of Documents and paying $500 on February 20, 2003, more
than one week after the order directed. On the date of trial, Scott alleged that he was
in the process of gathering and ordering additional documents in response to Janet’s
Request for Production of Documents. The record does not reflect that any
supplementation ever occurred.
           The record shows that Scott disregarded and abused discovery from December
2002 to May 2003, violated court orders without good cause, and lesser sanctions
were ineffective. The dismissal was “just,” because a direct relationship existed
between the offensive conduct and the sanction, and the sanction was not excessive. 
Accordingly, we hold that the trial court did not abuse its discretion in dismissing
Scott’s case with prejudice.
          We overrule Scott’s sole issue.Conclusion
          We affirm the judgment of the trial court.

 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.