# NO. 12-11-00024-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES H. OWEN,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #3* |
| *PELTIER ENTERPRISES, INC.,*<br>*d/b/a PELTIER NISSAN,*<br>*APPELLEES* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James H. Owen appeals the trial court's order granting a motion for sanctions against him. In his sole issue on appeal, he argues that the trial court abused its discretion in assessing sanctions against him. We affirm.

### BACKGROUND

On October 29, 2005, Josephine Moore purchased a vehicle from Peltier Enterprises, Inc. d/b/a Peltier Nissan (Peltier). As part of that purchase, Moore signed a retail installment contract with Peltier. The contract tracked the model provisions contained in the Texas Administrative Code. In the contract, Peltier specifically disclosed to Moore the finance charge, amount financed, annual percentage rate, and the total dollar amount of the payments to be made by Moore. According to the contract, Moore purchased "GAP" insurance, which "[i]f the vehicle is determined to be a total loss . . . will pay [Peltier] the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible."

On October 12, 2009, Moore, represented by Jeffrey L. Weinstein, P.C. (Weinstein, P.C.), sued Peltier. Moore alleged in her original petition that Peltier was liable to her under theories of fraud, violations of the Texas Finance Code, money had and received, aiding and

1

abetting, intentional infliction of emotional distress, promissory estoppel, and deceptive trade practices. Owen signed the petition. Peltier filed special exceptions to Moore's original petition, asserting that the allegations in Moore's petition were so vague that they failed to provide fair notice of the facts upon which Moore based her claims. Further, Peltier alleged that Moore's petition contained allegations that failed to support any viable cause of action under Texas law or plead a cause of action permitted by Texas law. Peltier also generally denied Moore's allegations and asserted several affirmative defenses, including the statute of limitations. A hearing on Peltier's special exceptions was set for February 25, 2010.

The day before the hearing, Moore filed a first amended original petition, alleging that Peltier was liable to her under theories of fraud, negligent misrepresentation, and violations of the Texas Finance Code. However, she did not reassert her claims of money had and received, aiding and abetting, intentional infliction of emotional distress, promissory estoppel, and deceptive trade practices. Owen signed the petition. Peltier filed special exceptions to Moore's amended petition. But before a hearing was set on these special exceptions, Moore filed a motion for nonsuit. Jeffrey L. Weinstein signed the motion.

Peltier then filed a motion for show of authority and motion for sanctions. Peltier sought sanctions against Owen, Weinstein, and Weinstein, P.C.[1] Peltier argued that Moore's petition and amended petition were frivolous, groundless, and harassing because a number of the theories underlying Moore's claims of misrepresentation and nondisclosure were contrary to the express terms of the contract and Texas law. Further, Peltier contended that other claims were barred by the applicable statute of limitations. Thus, Peltier claimed, Moore's attorneys failed to make "any inquiry" into Moore's case prior to filing suit. Peltier also asserted that Moore's suit wasted judicial time and resources.

Peltier specifically argued that sanctions were appropriate against Owen because he signed Moore's petition and amended petition. Further, Peltier contended that Weinstein admitted Owen may be liable because Owen drafted and signed the pleadings, developed the legal theories, and prosecuted the case.[2] As evidence in support of its motion, Peltier attached

---

[1] Peltier also sought sanctions against Clayton W. Starnes, an associate with Weinstein, P.C., who signed Moore's discovery responses. The trial court denied Peltier's motion to sanction Starnes, and Starnes is not a party to this appeal.

[2] Owen, on behalf of Weinstein, P.C., represented plaintiffs in multiple suits against auto dealerships, including Peltier, alleging violations related to retail installment contracts.

2

the contract, Section 84.008 of the Texas Administrative Code containing the model clauses for a motor vehicle retail installment contract, two affidavits by its attorneys, several previous petitions filed by Owen in other similar cases, depositions of other clients of Owen and Weinstein, notice of the February 25, 2010 hearing on Peltier's special exceptions, Moore's responses to requests for disclosure, several previous sanctions orders against Owen and Weinstein, Owen's response to Peltier's motion for sanctions in another case, and Weinstein's response to Peltier's motion for sanctions in another case.

Weinstein and Weinstein, P.C. responded to Peltier's motion, but Owen did not. In his response, Weinstein stated that "[Owen] developed this theory of recovery and he was the attorney who drafted the petition and prosecuted the claim. Therefore, if any complaint lies with the petition it lies with [Owen]." As evidence, Weinstein attached his affidavit in which he stated that

> 3. In 2008, [Owen] came to work for the Weinstein Law Firm. At that time he took over all aspects of the auto finance fraud and established the auto finance fraud department. I was aware that [Owen] had been involved in this type of litigation for approximately 8 years at that time and had obtained many favorable results. The docket he created was then managed by him in all aspects.

> 4. After the instant case was filed in October of 2009, two courts entered sanctions against either the Weinstein Law Firm or [Owen] individually which resulted in an internal review regarding the auto fraud department. Thereafter it was determined by the Weinstein Law Firm that the auto fraud department should be discontinued. Thereafter the Weinstein Law Firm began sending letters to clients explaining the changes in auto fraud and that the Weinstein Law Firm would no longer be pursuing these types of cases.

> 5. Soon after the internal review [Owen] informed me that he would be leaving the firm and not taking any of these matters with him to his new practice.

On September 30, 2010, the trial court held a hearing on Peltier's motion for sanctions. Weinstein, Weinstein, P.C., and Starnes appeared, but Owen did not attend the hearing. After the hearing, the trial court granted Peltier's motion for sanctions against Owen, Weinstein, and Weinstein, P.C. The trial court based its sanctions order on violations of Texas Rules of Civil Procedure 13 and 215, Chapter 10 of the Texas Practice and Remedies Code, and the trial court's inherent power.

Owen filed a notice of appeal as did Weinstein and Weinstein, P.C. Subsequently, Weinstein, Weinstein, P.C., and Peltier filed an agreed joint motion to dismiss Weinstein and

Weinstein, P.C. from the appeal. We granted the motion, and thus Owen is the only appellant remaining.

<h2 style="text-align:center">SANCTIONS</h2>

In his sole issue on appeal, Owen argues that the trial court abused its discretion in assessing sanctions against him.

## Standard of Review

We review a trial court's ruling on a motion for sanctions under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). So long as a trial court decides a matter within its discretionary authority, an appellate court cannot disturb the trial court's decision even if the reviewing court would have decided the issue differently. *See id.* at 242; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Instead, a trial court's ruling should be reversed only if it is arbitrary and unreasonable. *Cire*, 134 S.W.3d at 839.

## Applicable Law

Local rules are effective only to the extent they are not inconsistent with the rules of procedure. *See* TEX. R. CIV. P. 3a(1); *Walton v. Canon, Short & Gaston Corp.*, 23 S.W.3d 143, 150 (Tex. App.—El Paso 2000, no pet.). In a Smith County civil trial, the failure to respond to a motion is deemed to be a representation of no opposition unless objections are already on file. SMITH (TEX.) DIST. CT. & CNTY. CT. AT LAW R. 2.6. In other words, a trial court does not abuse its discretion in ruling against a party who fails to file a response to a motion, even if a party requests a hearing, because the failure to respond could have been considered a representation of no opposition to the motion. *See Cire*, 134 S.W.3d at 844; *United Business Mach., Inc. v. Southwestern Bell Media, Inc.*, 817 S.W.2d 120, 123 (Tex. App.—Houston [1st Dist.] 1991, no writ).

## Application

Peltier filed a motion for show of authority and motion for sanctions. Weinstein, Weinstein, P.C., and Starnes filed a response, but Owen did not. At the hearing on the motion, Weinstein, Weinstein, P.C., and Starnes attended and opposed the relief sought by Peltier, but

Owen did not. Peltier contends that because Owen failed to respond to the motion or appear at the hearing, he was deemed to be unopposed to the motion. Thus, Peltier argues, the trial court did not abuse its discretion in sanctioning Owen. *See Cire*, 134 S.W.3d at 844; *United Business Mach., Inc.*, 817 S.W.2d at 123. In his appellate brief, Owen states that, "[i]n response to the sanctions motion, the lawyers made several arguments." But none of those arguments were made by, or for, Owen.

By failing to respond to Peltier's motion for sanctions, Owen represented to the trial court that he had no opposition to the motion. *See* SMITH (TEX.) DIST. CT. & CNTY. CT. AT LAW R. 2.6. His failure to attend the hearing on the motion for sanctions was consistent with that position. Therefore, the trial court did not abuse its discretion in granting Peltier's motion for sanctions. *See* SMITH (TEX.) DIST. CT. & CNTY. CT. AT LAW R. 2.6; *Cire*, 134 S.W.3d at 844; *United Business Mach., Inc.*, 817 S.W.2d at 123.

Even if Owen had opposed Peltier's motion, the result would not change. An appellate court may not reverse a trial court's judgment if multiple legal conclusions independently support the ruling, but the party fails to challenge all the legal conclusions on appeal. *See Howeth Invs., Inc. v. City of Hedwig Vill.*, 259 S.W.3d 877, 889-90 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). Owen argues in his appellate brief that the trial court abused its discretion by assessing sanctions against him under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Practice and Remedies Code. However, the trial court also sanctioned Owen pursuant to Texas Rule of Civil Procedure 215 and the trial court's inherent power. Because Owen does not challenge the trial court's order on these grounds as well, we may not reverse the trial court's order. *See id.* at 890.

Owen's sole issue is overruled.

### DISPOSITION

Having overruled Owen's sole issue, we *affirm* the trial court's order of sanctions against him.

**BRIAN HOYLE**
Justice

Opinion delivered August 24, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)