NO. 12-11-00024-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JAMES H. OWEN,                                        §                      APPEAL
FROM THE

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW #3

 

PELTIER ENTERPRISES, INC.,

d/b/a PELTIER NISSAN,

APPELLEES                                                 §                      SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

            James
H. Owen appeals the trial court’s order granting a motion for sanctions against
him.  In his sole issue on appeal, he argues that the trial court abused its
discretion in assessing sanctions against him.  We affirm.

 

Background

                On
October 29, 2005, Josephine Moore purchased a vehicle from Peltier Enterprises,
Inc. d/b/a Peltier Nissan (Peltier).  As part of that purchase, Moore signed a retail
installment contract with Peltier.  The contract tracked the model provisions
contained in the Texas Administrative Code.  In the contract, Peltier
specifically disclosed to Moore the finance charge, amount financed, annual
percentage rate, and the total dollar amount of the payments to be made by
Moore.  According to the contract, Moore purchased “GAP” insurance, which “[i]f
the vehicle is determined to be a total loss . . . will pay [Peltier] the
difference between the proceeds of your basic collision policy and the amount
you owe on the vehicle, minus your deductible.”  

On
October 12, 2009, Moore, represented by Jeffrey L. Weinstein, P.C. (Weinstein,
P.C.), sued Peltier.  Moore alleged in her original petition that Peltier was
liable to her under theories of fraud, violations of the Texas Finance Code,
money had and received, aiding and abetting, intentional infliction of
emotional distress, promissory estoppel, and deceptive trade practices.  Owen
signed the petition. Peltier filed special exceptions to Moore’s original
petition, asserting that the allegations in Moore’s petition were so vague that
they failed to provide fair notice of the facts upon which Moore based her
claims. Further, Peltier alleged that Moore’s petition contained allegations
that failed to support any viable cause of action under Texas law or plead a
cause of action permitted by Texas law.  Peltier also generally denied Moore’s
allegations and asserted several affirmative defenses, including the statute of
limitations.  A hearing on Peltier’s special exceptions was set for February
25, 2010.

The
day before the hearing, Moore filed a first amended original petition, alleging
that Peltier was liable to her under theories of fraud, negligent
misrepresentation, and violations of the Texas Finance Code.  However, she did
not reassert her claims of money had and received, aiding and abetting,
intentional infliction of emotional distress, promissory estoppel, and
deceptive trade practices.  Owen signed the petition.  Peltier filed special
exceptions to Moore’s amended petition.  But before a hearing was set on these
special exceptions, Moore filed a motion for nonsuit.  Jeffrey L. Weinstein
signed the motion.

Peltier
then filed a motion for show of authority and motion for sanctions.  Peltier
sought sanctions against Owen, Weinstein, and Weinstein, P.C.[1] 
Peltier argued that Moore’s petition and amended petition were frivolous,
groundless, and harassing because a number of the theories underlying Moore’s
claims of misrepresentation and nondisclosure were contrary to the express
terms of the contract and Texas law.  Further, Peltier contended that other claims
were barred by the applicable statute of limitations.  Thus, Peltier claimed, Moore’s
attorneys failed to make “any inquiry” into Moore’s case prior to filing suit. 
Peltier also asserted that Moore’s suit wasted judicial time and resources.

Peltier
specifically argued that sanctions were appropriate against Owen because he
signed Moore’s petition and amended petition.  Further, Peltier contended that
Weinstein admitted Owen may be liable because Owen drafted and signed the
pleadings, developed the legal theories, and prosecuted the case.[2] 
As evidence in support of its motion, Peltier attached the contract, Section
84.008 of the Texas Administrative Code containing the model clauses for a motor
vehicle retail installment contract, two affidavits by its attorneys, several
previous petitions filed by Owen in other similar cases, depositions of other
clients of Owen and Weinstein, notice of the February 25, 2010 hearing on
Peltier’s special exceptions, Moore’s responses to requests for disclosure,
several previous sanctions orders against Owen and Weinstein, Owen’s response
to Peltier’s motion for sanctions in another case, and Weinstein’s response to
Peltier’s motion for sanctions in another case.

Weinstein
and Weinstein, P.C. responded to Peltier’s motion, but Owen did not.  In his
response, Weinstein stated that “[Owen] developed this theory of recovery and
he was the attorney who drafted the petition and prosecuted the claim. 
Therefore, if any complaint lies with the petition it lies with [Owen].”  As
evidence, Weinstein attached his affidavit in which he stated that

 

3.  In 2008, [Owen] came to work for the Weinstein Law
Firm.  At that time he took over all aspects of the auto finance fraud and established
the auto finance fraud department.  I was aware that [Owen] had been involved
in this type of litigation for approximately 8 years at that time and had
obtained many favorable results.  The docket he created was then managed by him
in all aspects.

 

4.  After the instant case was filed in October of
2009, two courts entered sanctions against either the Weinstein Law Firm or
[Owen] individually which resulted in an internal review regarding the auto
fraud department.  Thereafter it was determined by the Weinstein Law Firm that
the auto fraud department should be discontinued.  Thereafter the Weinstein Law
Firm began sending letters to clients explaining the changes in auto fraud and
that the Weinstein Law Firm would no longer be pursuing these types of cases.

 

5.  Soon after the internal review [Owen] informed me
that he would be leaving the firm and not taking any of these matters with him
to his new practice.

 

 

On
September 30, 2010, the trial court held a hearing on Peltier’s motion for
sanctions.  Weinstein, Weinstein, P.C., and Starnes appeared, but Owen did not
attend the hearing.  After the hearing, the trial court granted Peltier’s
motion for sanctions against Owen, Weinstein, and Weinstein, P.C.  The trial
court based its sanctions order on violations of Texas Rules of Civil Procedure
13 and 215, Chapter 10 of the Texas Practice and Remedies Code, and the trial
court’s inherent power.

Owen
filed a notice of appeal as did Weinstein and Weinstein, P.C. Subsequently,
Weinstein, Weinstein, P.C., and Peltier filed an agreed joint motion to dismiss
Weinstein and Weinstein, P.C. from the appeal.  We granted the motion, and thus
Owen is the only appellant remaining.

 

Sanctions

In
his sole issue on appeal, Owen argues that the trial court abused its discretion
in assessing sanctions against him.

Standard
of Review

We
review a trial court’s ruling on a motion for sanctions under an abuse of
discretion standard.  Cire v. Cummings, 134 S.W.3d 835, 838 (Tex.
2004).  A trial court abuses its discretion if it acts without reference to any
guiding rules and principles or in an arbitrary or unreasonable manner.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  So
long as a trial court decides a matter within its discretionary authority, an
appellate court cannot disturb the trial court’s decision even if the reviewing
court would have decided the issue differently. See id.
at 242; Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
Instead, a trial court’s ruling should be reversed only if it is arbitrary and
unreasonable.  Cire, 134 S.W.3d at 839.

Applicable
Law

            Local
rules are effective only to the extent they are not inconsistent with the rules
of procedure.  See Tex. R. Civ.
P. 3a(1); Walton v. Canon, Short & Gaston Corp., 23
S.W.3d 143, 150 (Tex. App.—El Paso 2000, no pet.).  In a Smith County civil
trial, the failure to respond to a motion is deemed to be a representation of
no opposition unless objections are already on file.  Smith (Tex.) Dist. Ct. & Cnty. Ct. at Law R. 2.6.  In
other words, a trial court does not abuse its discretion in ruling against a
party who fails to file a response to a motion, even if a party requests a
hearing, because the failure to respond could have been considered a
representation of no opposition to the motion.  See Cire, 134
S.W.3d at 844; United Business Mach., Inc. v. Southwestern Bell Media,
Inc., 817 S.W.2d 120, 123 (Tex. App.—Houston [1st Dist.] 1991, no
writ).  

Application


Peltier
filed a motion for show of authority and motion for sanctions.  Weinstein,
Weinstein, P.C., and Starnes filed a response, but Owen did not.  At the
hearing on the motion, Weinstein, Weinstein, P.C., and Starnes attended and
opposed the relief sought by Peltier, but Owen did not. Peltier contends that
because Owen failed to respond to the motion or appear at the hearing, he was
deemed to be unopposed to the motion.  Thus, Peltier argues, the trial court did
not abuse its discretion in sanctioning Owen. See Cire, 134
S.W.3d at 844; United Business Mach., Inc., 817 S.W.2d at 123.  In
his appellate brief, Owen states that, “[i]n response to the sanctions motion,
the lawyers made several arguments.”  But none of those arguments were made by,
or for, Owen.

By
failing to respond to Peltier’s motion for sanctions, Owen represented to the
trial court that he had no opposition to the motion.  See Smith (Tex.) Dist. Ct. & Cnty. Ct. at Law
R. 2.6.  His failure to attend the hearing on the motion for sanctions
was consistent with that position. Therefore, the trial court did not abuse its
discretion in granting Peltier’s motion for sanctions. See Smith (Tex.) Dist. Ct. & Cnty. Ct. at Law
R. 2.6; Cire, 134 S.W.3d at 844; United Business
Mach., Inc., 817 S.W.2d at 123. 

Even
if Owen had opposed Peltier’s motion, the result would not change.  An
appellate court may not reverse a trial court’s judgment if multiple legal
conclusions independently support the ruling, but the party fails to challenge
all the legal conclusions on appeal. See Howeth Invs., Inc. v.
City of Hedwig Vill., 259 S.W.3d 877, 889-90 (Tex. App.—Houston [1st
Dist.] 2008, pet. denied).  Owen argues in his appellate brief that the trial
court abused its discretion by assessing sanctions against him under Texas Rule
of Civil Procedure 13 and Chapter 10 of the Texas Practice and Remedies Code. 
However, the trial court also sanctioned Owen pursuant to Texas Rule of Civil
Procedure 215 and the trial court’s inherent power.  Because Owen does not
challenge the trial court’s order on these grounds as well, we may not reverse
the trial court’s order. See id. at 890.

Owen’s
sole issue is overruled.

 

Disposition

            Having
overruled Owen’s sole issue, we affirm the trial court’s order of
sanctions against him.

                                                                                    Brian
Hoyle

                                                                                        
Justice

 

Opinion delivered August 24,
2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(PUBLISH)    









                [1]
Peltier also sought sanctions against Clayton W. Starnes, an associate with
Weinstein, P.C., who signed Moore’s discovery responses.  The trial court
denied Peltier’s motion to sanction Starnes, and Starnes is not a party to this
appeal.  

 





                [2]
Owen, on behalf of Weinstein, P.C., represented plaintiffs in multiple suits
against auto dealerships, including Peltier, alleging violations related to
retail installment contracts.