# NO. 12-11-00318-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROSIE SIMMONS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *STEPHEN PAMATMAT, M.D. AND TYLER NEPHROLOGY ASSOCIATES, P.A.,* *APPELLEES* | § | *SMITH  COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Rosie Simmons appeals the trial court's order of dismissal of her medical malpractice action against Stephen Pamatmat, M.D.  She raises two issues by way of interlocutory appeal in which she complains that the trial court abused its discretion.  We affirm.

### BACKGROUND

Dr. Pamatmat used a guidewire, a type of medical device, in an attempt to perform a thrombectomy on Simmons.  During the procedure, the guidewire broke and lodged in Simmons's body.  As a result, Simmons required surgery.

Simmons claimed that Dr. Pamatmat misused the guidewire and that this misuse constituted medical malpractice.  On May 10, 2011, she brought a medical malpractice action against Dr. Pamatmat and his employer, Tyler Nephrology Associates, P.A. (Tyler Nephrology). She then, on July 19, 2011, filed the expert report of Richard Welcome, M.D.  Dr. Welcome opined that Dr. Pamatmat failed to satisfy the applicable standard of care for medical treatment in his care of Simmons and that this failure caused Simmons to undergo an unnecessary surgery.

On August 9, 2011, Dr. Pamatmat filed a motion to dismiss Simmons's claim against him in which he alleged that Simmons failed to provide an adequate expert report.  In Dr. Pamatmat's

motion, he notified Simmons that the submission date was August 29, 2011.  Simmons failed to respond to Dr. Pamatmat's motion to dismiss.  On September 7, 2011, which was 120 days after the suit was filed, the trial court noted the lack of objection or response by Simmons, granted the motion, and dismissed Simmons's claim against Dr. Pamatmat with prejudice.

Simmons filed a motion for rehearing, and Dr. Pamatmat filed a response.  The motion was overruled by operation of law.  Although Simmons's claim against Tyler Nephrology remains pending, Simmons brought this interlocutory appeal complaining of the trial court's dismissal of her claim against Dr. Pamatmat.[1]

## MOTION TO DISMISS

In Simmons's first and second issues, she argues that the trial court abused its discretion in dismissing her claim against Dr. Pamatmat.  In her first issue, she urges that Dr. Welcome's report satisfied the mandates of an expert report for a medical malpractice claim.  In her second issue, she contends that Dr. Pamatmat's motion was filed prematurely because the 120 day deadline for filing an expert report had not yet passed.

### Expert Reports

When a party asserts a health care liability claim, the party must serve an expert report on each defendant within 120 days of filing the lawsuit.  TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2011).  The expert report must provide a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered failed to meet the standard, and the causal connection between that failure and the injury incurred.  *Id.* § 74.351(r)(6) (West 2011).  If a plaintiff serves an expert report that is deficient, the trial court has two options:  (1) dismiss the case with prejudice and award attorney's fees and costs of court to the health care provider, or (2) grant one thirty-day extension to allow the plaintiff to cure the deficiencies.  *Id.* § 74.351(b), (c) (West 2011); *see Foster v. Zavala*, 214 S.W.3d 106, 116 (Tex. App.—Eastland 2006, pet. denied).  If the deficiencies can be cured within the thirty day period, the trial court must grant the plaintiff an extension if one was requested.  *Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011).

However, absent a request for an extension, a court shall grant a motion challenging the adequacy of an expert report "if it appears to the court, after hearing, that the report does not

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(10).

2

represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*) (West 2011). In this context, "hearing" does not mean that the trial court is required to hold an oral hearing; rather, the trial court may decide the matter on written submission. *See **Martin v. Martin, Martin & Richards, Inc.,*** 989 S.W.2d 357, 359 (Tex. 1998); *see **Jackson v. Reardon,*** 14 S.W.3d 816, 819 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (stating that "Article 4590i [, the predecessor to Chapter 74,] does not expressly require an oral hearing on a motion to dismiss. As a general rule, an adjudication based on written materials alone is sufficient."); ***Mocega v. Urquhart,*** 79 S.W.3d 61, 64 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding that a motion to dismiss pursuant to Article 4590i may be properly "heard" by submission).

## Unopposed Motions Under Smith County Local Rules

A trial court does not abuse its discretion in granting a motion where the opposing party makes a representation of no opposition to it. *See **United Bus. Machs., Inc. v. Sw. Bell Media, Inc.***, 817 S.W.2d 120, 123 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (holding that trial court did not abuse its discretion in ruling against party who failed to file response to motion, even where party requested hearing, because failure to respond could have been considered representation of no opposition to motion). In Smith County, the failure to respond to a motion is a representation of no opposition to the motion unless objections are already on file. Smith (Tex.) Dist. Ct. and County Ct. at Law R. 2.6. Local rules are effective to the extent they are not inconsistent with the rules of procedure. *See* TEX. R. CIV. P. 3(a)(1); ***Walton v. Canon, Short & Gaston Corp.***, 23 S.W.3d 143, 150 (Tex. App.—El Paso 2000, no pet.).

## Discussion

Dr. Pamatmat argues that the trial court could not have abused its discretion in dismissing Simmons's claim because Simmons indicated no opposition to Dr. Pamatmat's motion. We agree.

Dr. Pamatmat filed his motion to dismiss on August 9, 2011. In the motion and in compliance with the local rules of Smith County, Dr. Pamatmat indicated that the motion was set for submission for August 29, 2011. *See* Smith (Tex.) Dist. Ct. and County Ct. at Law R. 2.3. That designation set the date on which the trial court could have decided the case as August 29, 2011, or some date thereafter. *See **id.*** Even though Dr. Pamatmat's motion clearly sought to dismiss Simmons's claim against him, Simmons failed to file a response.

By failing to respond to the motion, Simmons represented to the trial court that she had no opposition to the dismissal of her claim against Dr. Pamatmat. *See* Smith (Tex.) Dist. Ct. and County Ct. at Law R. 2.6. Similarly, she made no request for the trial court to grant her a thirty day extension to amend or supplement the expert report. Because Simmons indicated by her conduct that she had no opposition to Dr. Pamatmat's motion to dismiss, Simmons cannot establish that the trial court abused its discretion in granting the motion. Moreover, at oral argument, Simmons conceded that the trial court had jurisdiction to dismiss her suit on the day that it did, which was the 120th day after she filed her suit.

We overrule Simmons's first and second issues.

## DISPOSITION

Having overruled Simmons's first and second issues, we ***affirm*** the trial court's order dismissing Simmons's claim against Dr. Pamatmat.

**BRIAN HOYLE**
Justice

Opinion delivered December 20, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**DECEMBER 20, 2012**

**NO. 12-11-00318-CV**

**ROSIE SIMMONS,**
Appellant
V.
**STEPHEN PAMATMAT, M.D. AND**
**TYLER NEPHROLOGY ASSOCIATES, P.A.,**
Appellees

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 11-1389-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order of dismissal.

It is therefore ORDERED, ADJUDGED and DECREED that the order of dismissal of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **ROSIE SIMMONS**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*